UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KATHY BENSON,

        Plaintiff,

                                                                      Case Number 06-13145-BC

v.                                                    Honorable Thomas L. Ludington

CARSON CITY HOSPITAL,

        Defendant.

_____/

## **ORDER GRANTING DEFENDANT'S MOTION *IN LIMINE*** 

      Plaintiff Kathy Benson is pursuing claims against her former employer, Defendant Carson City Hospital, for retaliation under Title VII of the Civil Rights Act of 1964, and the Michigan Elliott-Larsen Civil Rights Act, Mich. Comp. Laws § 37.2101 *et seq.*, and for retaliation under the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq*. On October 16, 2007, the Court held a hearing on Defendant's motion *in limine*, in which Defendant requested the exclusion of evidence pertaining to the conduct of one of Plaintiff's co-workers.

      Defendant discharged Plaintiff from her position as a nurse, which she held for almost 18 years without any disciplinary action. On December 23, 2004, a co-worker, Dan Mason, placed his hand under her clothes. He was subsequently terminated. In February 2005, Plaintiff's supervisor, Shelly Whitacre, received several complaints about Plaintiff from her co-workers, and Plaintiff and her supervisor discussed them. In March and especially in April 2005, the volume and documentation of write-ups of Plaintiff increased.

      On May 3, 2005, the supervisor and the human resources director, Georgette Russell, met with Plaintiff, who responded emotionally and eventually had to leave. Plaintiff then kept a pre-existing doctor's appointment and called in sick the next day. After an exchange of phone calls, in which

Plaintiff made clear that she would not attend a meeting (on the ground that it was her day off) to discuss her performance the following day, Plaintiff did not attend the meeting, and her employment was terminated.

Defendant's motion *in limine* challenges the inclusion of evidence relating to the following topics: (1) Mason's sexual advances to a co-employee, Tina Waldron; (2) the disciplinary response to those advances was probation, rather than discharge; (3) Mason's temper, which allegedly was directed at co-employees; (4) Mason's disputes with a doctor (involving his purported refusal to follow instructions, giving orders about cardiac workups, exhibiting a poor bedside manner, being inconsiderate of patients, and questioning her authority in front of patients); (5) Mason's rudeness to a physician's office; and (6) Mason's combative relationship with co-workers.

Plaintiff advances the theory that her supervisor – as Mason's friend, his fellow church member, and the mother of his babysitters – changed her attitude toward Plaintiff after she reported Mason. Plaintiff further suggests that the nursing director, Nancy Weaver, had a bias in favor of Mason, because she is related to him. (Allegedly, her sister-in-law's granddaughter is Mason's wife.) Plaintiff seeks to compare Defendant's treatment of Mason with its treatment of her, which she contends will provide evidence of animus against her. Specifically, she maintains that she can show retaliation by the purportedly generous accommodation of Mason, despite his egregious conduct, and the summary treatment of Plaintiff.

Defendant argues that the evidence does not show the nursing director's involvement in discussions about Plaintiff's job performance until the meeting on May 3, 2005. Defendant also contends that the evidence it challenges would be unfairly prejudicial and confuse the issues for the jury, under Federal Rule of Evidence 403. Presentation of facts regarding Mason's conduct risks transforming the trial into a referendum on Mason, rather than considering Plaintiff's claims.

Additionally, witnesses would offer competing versions of Mason's conduct, which would further confuse the issues.

On balance, the Court is persuaded by Defendant. Despite the Court's interest at the hearing in any nexus between activity showing discrimination based on gender and the termination of Plaintiff's employment, Plaintiff correctly noted that her remaining Title VII and ELCRA claims are only for retaliation. As such, she can advance claims based on a sole incident of reporting sexual harassment, such as Mason's unwelcome conduct in December 2005. Her insistence on introducing a chronology of Mason's purported misconduct, as well as Defendant's response (or lack thereof), however, does not follow from her claim that Defendant retaliated against her. Regardless of Defendant's business decisions about how to respond to Mason's conduct, Plaintiff's claims for retaliation arise from Defendant's handling of her circumstance, not Mason's situation. By Plaintiff's logic, which would attempt to show a purported disparity between Defendant's treatment of Mason and of Plaintiff, any disparity between Defendant's disciplinary treatment of *any* employee and Plaintiff would be relevant. The Court is unwilling to accept the logic that, by extension, would require considering such a potential volume of evidence. Plaintiff can pursue a claim of retaliation against her, but Defendant's disciplinary treatment of other employees, including Mason, is not relevant. Plaintiff can offer evidence that certain supervisors may have responded differently to her after she reported Mason, but any alleged change in attitude pertains to Defendant's conduct with respect to Plaintiff, not with respect to Mason.

Moreover, the probative value of evidence regarding Mason's conduct with persons other than Plaintiff, however, is substantially diminished by its likelihood of unfair prejudice, confusion of the issues, mislead the jury, and waste time. *See* Fed. R. Evid. 403. The dramatic conduct attributed to Mason, regardless of whether Defendant should have accommodated it, would be prejudicial to Defendant, because it would invite the jury to question Defendant's business judgment as to Mason,

a non-party. Similarly, the mountain of evidence regarding Mason's conduct could significantly confuse the issues and mislead the jury into addressing a case involving Mason, rather than Plaintiff's claims of retaliation. Finally, devoting time to this evidence, which is but one theory to show possible retaliation, will cause undue delay, where the particulars of Mason's conduct itself is contested.

Accordingly, it is **ORDERED** that Defendant's motion *in limine* [dkt #28] is **GRANTED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: October 18, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 18, 2007.

s/Tracy A. Jacobs
TRACY A. JACOBS